YORK LIVESTOCK COMMISSION COMPANY, APPELLANT, V. NORTHWESTERN LIVESTOCK COMMISSION COMPANY, APPELLEE.

287 N. W. 94

FILED JULY 18, 1939. No. 30537.

*Charles F. Stroman,* for appellant.

*Kirkpatrick & Dougherty,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

Plaintiff has appealed from a dismissal of its suit to impress a trust upon the proceeds of a check, of which defendant claimed to be a holder in due course under the negotiable instruments law.

Both parties are corporations, and each operates a live stock commission business and a sales barn at York. Charles Houston was president of defendant corporation but not its managing officer. He was a live stock trader on his own account and had been purchasing cattle at both plaintiff's and defendant's barns. As a result thereof, he owed each of them a balance, and each had been pressing him for payment.

To clear up his indebtedness to plaintiff, he entered into an arrangement with plaintiff's president, Roy Tucker, by which he was to bid in cattle at plaintiff's barn, truck them to Omaha, sell them in his own name, account to plaintiff for the proceeds, and receive credit on his account for any resulting profit. Two transactions were handled in this manner, in which Houston duly accounted for the proceeds. In the first, he indorsed over to plaintiff the check received on the Omaha market. In the second, he issued plaintiff his personal check and deposited the Omaha check to his own account. On the transaction involved in this suit, he made no accounting to plaintiff for the proceeds, but indorsed the check in blank and delivered it to defendant's bookkeeper, without any explanation as to its source, and was given credit on his indebtedness. The check was in the sum of $407.34, and the amount of his indebtedness to defendant at that time was $1,294.92.

Under section 62-202, Comp. St. 1929, which is part of the uniform negotiable instruments act, acceptance of the check, for application upon Houston's preexisting debt, constituted defendant a holder for value. Under section 62-404, it was not a holder in due course, however, if it had notice

of the defect in Houston's title. The controlling question therefore is whether defendant knew that the check was not Houston's, and that he had no right to apply it on his indebtedness.

It is admitted that the agreement which Houston and Tucker had made was kept a secret between them, presumably because it was violative of plaintiff's obligation as a factor. There is accordingly no contention that any officer or agent of defendant, except Houston, knew of his duty to account to plaintiff for the check or its proceeds. If then, it is to be held that defendant had no right to take the check, it must be on the ground that defendant was chargeable with Houston's knowledge as a matter of law.

But Houston was not representing the corporation at the time; he was merely making payment of part of his personal debt, upon which he had been pressed for payment. He turned the check over to defendant's bookkeeper in the same manner that he had made other payments on his account in the past. On previous occasions defendant's bookkeeper had succeeded in obtaining payments from him by representing that the corporation was overdrawn at the bank. Houston claims that this was one of the considerations that prompted him to turn over the check on this occasion. He was not the treasurer of the corporation, however, and was not charged with the responsibility of its financial problems. He had neither the duty nor the power to raise funds for it. In his relationship to the corporation, all that he could do, and all that he did in the present situation, was to make a payment on his account.

Under these circumstances, where he made no disclosure at the time, the corporation was not chargeable with his knowledge regarding the check. We have several times declared that a corporation is not chargeable with the knowledge of one of its officers in a transaction where he is in no way representing the corporation, but is dealing with it as a private individual and in his own interests. *Koehler v. Dodge,* 31 Neb. 328, 47 N. W. 913; *Buffalo County Nat. Bank v. Sharpe,* 40 Neb. 123, 58 N. W. 734; *Exchange Bank v. Ne-*

*braska Underwriters Ins. Co.*, 84 Neb. 110, 120 N. W. 1010.

In 1 Restatement, Agency, sec. 279, the rule is stated thus: "The principal is not affected by the knowledge of an agent as to matters involved in a transaction in which the agent deals with the principal or another agent of the principal as, or on account of, an adverse party." The illustrations in the text demonstrate the applicability of the rule to the present situation.

The knowledge of Houston accordingly did not constitute notice to defendant under the negotiable instruments law. Comp. St. 1929, sec. 62-406.

Plaintiff argues that evidence on the part of defendant to show good faith and lack of notice was erroneously admitted. It is unnecessary to consider that question, however, because defendant's status as a holder in due course was in any event sufficiently established, without the evidence of which plaintiff complains, by the testimony of Tucker and Houston, plaintiff's own witnesses. Under the record, the determining question, as we have already indicated, stood narrowed down to whether defendant was chargeable with Houston's knowledge as a matter of law.

The trial court properly held that plaintiff could not impress a trust upon the proceeds of the check in defendant's hands.

AFFIRMED.